UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Raoul O. Chazaro Vargas,
Plaintiff

v. C.A. No.

Lifespan Corporation &
Rhode Island Hospital
Defendants

**COMPLAINT**

INTRODUCTORY STATEMENT

This action is commenced by Raoul O. Chazaro Vargas (hereinafter “Plaintiff” or “Cazaro”) against Lifespan Corporation & Rhode Island Hospital (hereinafter “Defendants”) in order to remedy or seek relief for the Defendants’ unlawful and discriminatory practices, in violation of, inter alia, the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 *et seq*., in addition to certain statutory and/or common law claims.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. Section 1331 and 29 U.S.C. 1132(e), with respect to issues arising under federal statutory law. Moreover, this action involves claims between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, vesting jurisdiction in this Court pursuant to 28 U.S.C.A. Section 1332.

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b) and (c), because, inter alia:

a. the unlawful practices complained of herein were committed in this judicial district;

b. all records relevant to the allegations at issue herein are maintained and administered in this judicial district;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of his disability insurance coverage, in this judicial district, but for the Defendants' unlawful practices.

3. The practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this Court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

THE PARTIES

4. The Plaintiff, Raoul O. Chazaro Vargas, is a resident of the town of Pelham, State of New Hampshire.

5. The Defendant Rhode Island Hospital is a domestic corporation, maintained to operate a principal place of business located at 593 Eddy Street, Providence, RI 02903. The Defendant Lifespan Corporation is a domestic corporation authorized to do business in the State of Rhode Island and maintains a principal office and place of business located

at 167 Point Street; Providence, RI 02903. The Defendants are sufficiently joined in terms of ownership and control to be considered one employer for the purposes of this action. The Defendants administered an Executive Benefit Program (hereinafter "the Plan") which is the requisite "Plan" at issue in this action and of which Plaintiff was a participant.

6. At all times pertinent to the allegations of this Complaint, the Defendants conducted business, and are continuing to conduct business, in the State of Rhode Island.

7. At all times pertinent to the allegations of this Complaint, the Plaintiff has been a participant in and eligible for the benefits contained in the Plan at issue.

8. Plaintiff has satisfied any and all jurisdictional requirements with respect to all counts contained in this Complaint.

FACTS APPLICABLE TO EACH COUNT

9. Plaintiff is a Doctor, receiving his Medical Doctor Degree in 1985. Plaintiff also holds a P.h.D. in Information Systems, a Master's Degree in Management Systems and Health Care Management and Business Administration/Health Care Management.

10. Plaintiff commenced a position as Vice President, Perioperative Services, with the Defendants, in 2015. Pursuant to his position, Plaintiff was a participant in the Lifespan Corporation Executive Benefit Program II ("the Plan") and eligible for certain benefits emanating from this Plan including rights to severance.

11. Prior to holding the position citied above, Plaintiff was employed by Lifespan Corporation—Hasbro Children's Hospital from 2013-2015, in the position of Administrative Director Perioperative Services.

12. Plaintiff was terminated from his position effective June 6, 2017.

13. Upon his termination, the Employer denied Plaintiff benefits for which he was eligible under the Lifespan Corporation Executive Benefit Program II ("the Plan") which states *inter alia*, that:

> *"Lifespan Executives are eligible for severance pay under certain conditions" described as "In the event of involuntary termination without cause, [you] will continue to receive your salary (paid bi-weekly) as well as medical and dental benefits for a period of 12 months…."*
> (Page 6, Benefit Program)

14. The Plaintiff properly made a claim for benefits, meeting all requirements of the Plan but was denied.

15. The Plaintiff was not terminated for cause and, in fact, the Employer specifically informed the Plaintiff at the time of his termination that he was *not* being terminated for cause.

16. The Defendants, without reasonable and adequate review by the Plan Administrator, and/or for reasons that were arbitrary and capricious, and/or for reasons that were purposefully discriminatory, denied Plaintiff the benefits under the Plan to which he was clearly entitled.

17. Consistent with the applicable Plan's definition for eligibility and its other stated requirements and prerequisites, the Plaintiff was fully entitled to the benefits of the Plan.

18. In denying Plaintiff the benefits to which he was otherwise entitled, the Defendants have treated the Plaintiff in an unfair and capricious manner.

19. Defendants' denial of Plaintiff's benefits appear to have been unreasonably predicated on unlawful considerations and a purposeful attempt to deny the Plaintiff benefits that he is clearly entitled.

20. In a cavalier, capricious, and arbitrary disregard of record facts, Defendants denied Plaintiff's benefits to which he is clearly entitled.

21. The Defendants have been and are continuing to be complicit in administering the Plan in such a way that it precludes Plaintiff from his benefits and have retaliated against him for asserting his right to benefits he is clearly due.

**COUNT I**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974**
**29 U.S.C. SECTION 1001-1461**
**Section 502(a) *et seq*.**

22. The allegations contained in Paragraphs 1-21, above, are incorporated herein by reference in their entirety.

23. The Defendants maintain and/or administer, *inter alia*, an Executive Benefit Program plans qualifying as an employee benefit plan pursuant to provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001-1461 (ERISA.)

24. Plaintiff qualifies as a participant and/or beneficiary of one or more employee benefit plans maintained by the Defendants, within the meaning of 29 U.S.C. 1132(a).

25. §502(a)(1)(B) of ERISA, 29 U.S.C.S. §1132(a)(1)(B), gives a participant or beneficiary of a plan that is covered by ERISA the right to bring a civil action to recover benefits due to him/her under the terms of his plan, to enforce his/her rights under the terms of the plan, or to clarify his/her rights to future benefits under the terms of the Plan.

26. ERISA, 29 U.S.C.S. §§1001-1461, requires a plan to provide participants with adequate notice of the reasons for denying benefits and to afford a reasonable opportunity for a full and fair review.

27. Plaintiff was purposefully discriminated against in Defendants' administration of the benefits of the Plan, in violation of ERISA.

28. By its arbitrary and capricious failure, or intentional and discriminatory refusal, to find the Plaintiff eligible for the benefits to which he is clearly entitled, Plaintiff was treated unlawfully by Defendants with respect to Defendants' administration of benefits under the Plan, pursuant to the terms of ERISA, including Section 502(a)(1)(B); 502(a)(2); 502(a)(3) and other pertinent sections.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, and for the relief hereinafter set forth.

**COUNT II**
**ERISA Section 503**

29. The allegations contained in Paragraphs 1-21 above, are hereby incorporated by reference in their entirety.

30. In violation of ERISA Section 503, Defendants have failed to follow in good faith the rules governing the administration of benefits under the Plan.

31. In violation of Section 503, the Defendants substantially failed to provide specific, clear and good faith reasons for the denial of benefits, following its failure to fully and fairly review all evidence all issues raised by the Plaintiff.

WHEREFORE, Plaintiff prays judgment be entered against Defendants, jointly and severally, and for the relief hereinafter set forth.

**COUNT III**
**BREACH OF CONTRACT**

32. The allegations contained in Paragraphs 1-21, above, are incorporated herein by reference in their entirety.

33. Plaintiff performed his duties in a satisfactory and professional manner, consistent with those obligations as required by the Employer, and as further referenced in the official policies and documents of the Defendants which establish the terms and conditions of Plaintiff's employment.

34. Plaintiff was a participant in the Lifespan Corporation Executive Benefit Program II ("the Plan") which states *inter alia*, that:

> *"Lifespan Executives are eligible for severance pay under certain conditions" described as "In the event of involuntary termination without cause, [you] will continue to receive your salary (paid bi-weekly) as well as medical and dental benefits for a period of 12 months…."*
> (Page 6, Benefit Program)

35. Defendants unlawfully breached its contractual relationship with the Plaintiff by, *inter alia*, denying him the contractual compensation and benefits to which he was due and eligible.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, and for the relief hereinafter set forth.

PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including but not limited to the following:

(a) an order that the Defendants make whole the Plaintiff with the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including, but not limited to the award to Plaintiff of the benefits to which he is rightfully due;

(b) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses;

(c) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages; as well as any special damages provided by ERISA;

(d) an Order that the Court remand Plaintiff's claim to the Plan Administrator with instructions to make a proper review of her claim, in good faith, and consistent with all procedural requirements.

(e) grant attorney's fees and the costs of this action;

(f) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

(g) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued.

(h) grant such further relief as this court deems necessary and proper.

Respectfully Submitted,
Plaintiff, Raoul O. Chazaro Vargas,
By His Attorney,

*/s/ Stephen T. Fanning*

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)